FILED
2017 Sep-21  PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| MONROE GUARANTY INSURANCE COMPANY and FCCI INSURANCE COMPANY, | ) ) ) | |
| Plaintiffs, | ) | CASE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| PINNACLE MANUFACTURING, LLC.; JOBY SATTERFIELD; JASON SATTERFIELD; and ZACH SMITH, | ) ) ) | |
| Defendants. | ) | |

## PETITION FOR DECLARATORY JUDGMENT

Plaintiffs/Petitioners Monroe Guaranty Insurance Company and FCCI Insurance Company (collectively "Petitioners") state the following as their Petition for Declaratory Judgment against Defendants/Respondents Pinnacle Manufacturing, LLC, Joby Satterfield, Jason Satterfield, and Zach Smith:

### I. PARTIES

1.   Monroe Guaranty Insurance Company is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in the State of Florida.

2.     FCCI Insurance Company is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in the State of Florida.

3.     Pinnacle Manufacturing, LLC is a limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business in Boaz, Alabama. On information and belief, Pinnacle's members are citizens of the State of Alabama.

4.     Joby Satterfield is a citizen and resident of the State of Alabama and he is over the age of 19.

5.     Jason Satterfield is a citizen and resident of the State of Alabama and he is over the age of 19.

6.     Zach Smith is a citizen and resident of the State of Texas and he is over the age of 19.

## II. JURISDICTION AND VENUE

7.     This declaratory judgment action is brought pursuant to 28 U.S.C. § 2201 for a declaration of the rights and obligations of Monroe under the Commercial General Liability Policy, Policy No. CPP0012358 5, issued by Monroe to Pinnacle for the policy period of April 15, 2015 to April 15, 2016 (the "CGL Policy") and the rights and obligations of FCCI under the Commercial

Liability Umbrella Policy, Policy No. UMB0018922-2, issued by FCCI to Pinnacle for the policy period of April 15, 2015 to April 15, 2016 (the "Umbrella Policy").

8.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the citizenship of the Petitioners seeking declaratory judgment is diverse from each of the Respondents, all of whom claim rights and interests under the policies, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because the Policies were issued to Pinnacle in Boaz, Alabama, and Zach Smith allegedly suffered damage in Blount County, Alabama. Therefore, a substantial part of the relevant actions in connection with this Petition for Declaratory Judgment took place within the Northern District of Alabama.

## III. STATEMENT OF FACTS

**A.      Underlying Action**

10.     Monroe and FCCI seek a declaration of their rights and obligations (if any) to defend and/or indemnify Pinnacle and Messrs. Satterfield under the CGL Policy and/or the Umbrella Policy in connection with an employment dispute between Zach Smith and Pinnacle. Smith's claims are stated in the lawsuit filed in the Circuit Court of Blount County, Alabama, and styled *Zach Smith v. Pinnacle Manufacturing, LLC, Joby Satterfield, and Jason Satterfield*, Civil Action No. CV-2017-900095 (the "Underlying Action").

3

11.   The Underlying Action is generally premised upon Pinnacle's termination of Smith as an independent sales agent and his alleged economic damages flowing from that termination. A copy of the complaint in the Underlying Action is attached as Exhibit A.

12.   Specifically, the Underlying Action alleges:

## FACTS

. . .

5.   Plaintiff was initially hired as an employee of Defendant Pinnacle by the company's President at that time, Bobby Satterfield

6.   In January 2015, Plaintiff was engaged by Pinnacle as an Independent Contractor. Defendants Pinnacle, Joby Satterfield and Jason Satterfield represented to Plaintiff that he would receive revenue from commission on the orders and sales of Pinnacle products.

. . .

9.   [O]n December 28, 2015, Plaintiff attended a meeting after noon with Jason Satterfield and Joby Satterfield. The topic of the meeting was to discuss Plaintiff's sales orders taken for Pinnacle products, the upcoming 2016 sales, and the Plaintiff's orders that would hit in the First Quarter of 2016.

10.   At the December 28, 2015 meeting, Defendants Pinnacle, Jason Satterfield and Joby Satterfield questioned Plaintiff about the 2016 orders and sales commitments obtained by Plaintiff, and Plaintiff provided answers to the Defendants' inquiry

. . .

12.   On December 28, 2015 at 5:02 p.m., Defendants Pinnacle and Jason Satterfield sent a letter by Email to the Plaintiff for a Notice of Termination of Independent

Sales      Representative      Agreement.      (hereinafter "Termination Notice").

13.    The Termination Notice states that Pinnacle would not renew the Independent Sales Representative Agreement and that the Agreement would terminate on January 29, 2016.

. . .

17.    During [a] January 7, 2016 phone call, Plaintiff stated that because of the nature of the oil business and tank container business, that Plaintiff's customers would not suddenly stop buying Plaintiff and Pinnacle's equipment for many, many years, but Plaintiff was concerned that Pinnacle would stop paying Plaintiff. Defendant Jason Satterfield responded "pretty much".

18.    [A]fter January 2016, Defendant Jason Satterfield has travelled to Texas and solicited business from Plaintiff's customers.

19.    Defendants have failed to notify Plaintiff of the Defendants' solicitation of Plaintiff's customers and have failed to pay compensation to Plaintiff for the revenue gained from the continued business from Plaintiff's customers after January 2016. Plaintiff has incurred losses including business losses, unpaid commissions and lost revenue.

## COUNT I
## INTENTIONAL INTERFERENCE WITH A
## BUSINESS RELATIONSHIP

. . .

23.    Defendants were conscious that the Plaintiff maintained business relationships with the Plaintiff's customers in Plaintiff's territory.

24.    Defendants recklessly terminated and interfered with transactions established by Plaintiff.

25.    Defendant intentionally interfered with the business relation between and the Plaintiff and the Plaintiff's account customers.

5

26.    Plaintiff has incurred damages as a result of the Defendants' unlawful interference.

## COUNT II
## SUPPRESSION OF MATERIAL FACTS

. . .

28.    On December 28, 2015, Defendants undertook to meet with Plaintiff to discuss the sales orders by Plaintiff for the 2016 year, and to solicit information on Plaintiff's relationships with his customers. Defendants Pinnacle, Jason Satterfield and Joby Satterfield failed to disclose to Plaintiff that Defendants were terminating the Independent Sales Representative Agreement.

29.    On December 28, 2015, Plaintiff relied on Defendants' representations and left the meeting and travelled to Texas to begin sales work for the first of the year 2016.

30.    Defendants breached their duty and defrauded Plaintiff by representing that Plaintiff would continue as an independent contractor for Defendant Pinnacle. Defendants suppressed the material facts of refusing to pay Plaintiff for the orders and customer relationships developed by Plaintiff. Said suppression of material facts and fraud were committed negligently, recklessly, wantonly and/or willfully or with the intent to defraud and deceive Plaintiff.

31.    Plaintiff discovered Defendant's fraud on or after December 28, 2015 when he received and read the Email and Termination Letter.

32.    As a proximate cause of the fraud and suppressed material facts by Defendant, Plaintiff has suffered damages. Plaintiff has suffered loss of income, stress, anxiety, and emotional and mental distress.

## COUNT III
## WANTONNESS

. . .

34.    Defendants undertook a duty to speak truthfully and disclose their intentions during the December 28, 2015 meeting with Plaintiff to discuss the sales orders by Plaintiff for the 2016 year, and to solicit information on Plaintiff's relationships with his customers.

35.    Defendants were conscious that the Independent Sales Representative Agreement would be terminated that same day by Pinnacle and Jason Satterfield.

36.    Defendant failed to disclose the intent to terminate the Independent Sales Representative Agreement and to refuse to compensate Plaintiff for his orders, sales and business relationships.

37.    Defendants Pinnacle, Jason Satterfield and Joby Satterfield breached the duties owed to Plaintiff.

38.    As a proximate consequence of the Defendant's wanton conduct, the Plaintiff was caused to suffer damages, including loss of revenue, increased business costs and damage to reputation and character.

## COUNT IV
## UNJUST ENRICHMENT

. . .

40.    On December 28, 2015, Defendants Pinnacle and Jason Satterfield stated in a written Email that Plaintiff would be paid a commission on future sales per sale.

41.    Defendants Pinnacle and Jason Satterfield have failed to pay the amounts owed for orders and sales from Plaintiff's customers arising after January 29, 2016.

42.    Defendants Pinnacle, Jason Satterfield and Joby Satterfield have received compensation from orders and/or sales from Plaintiff's customers.

43.    Defendants Pinnacle, Jason Satterfield and Joby Satterfield have been unjustly enriched by receiving

compensation and/or financial benefits from orders and/or sales from Plaintiff's customers.

44.    As a proximate cause of the conduct of Defendants, Plaintiff has been injured and suffered a loss from loss of revenue and compensation.

45.    The actions by Defendants Pinnacle, Jason Satterfield and Joby Satterfield have resulted in the Defendants becoming unjustly enriched to the detriment of the Plaintiff.

## COUNT V
## OPEN ACCOUNT

. . .

47.    On December 28, 2015, Defendants Pinnacle and Jason Satterfield state in a written Email that Plaintiff would be paid a commission on future sales per sale, on and after January 29, 2016.

48.    Defendants Pinnacle and Jason Satterfield have failed to pay the amounts owed for orders and sales from Plaintiff's customers arising after January 29, 2016.

## COUNT VI
## BREACH OF CONTRACT

. . .

50.    Defendant Pinnacle entered into a contract to provide compensation to Plaintiff for orders placed by Plaintiff's customers on and before January 29, 2016.

51.    Defendant Pinnacle has breached the Independent Sales Representative Agreement contract by failing to perform and pay compensation to Plaintiff for orders known and/or reasonably anticipated or accounted for.

52.    As a direct and proximate consequence of Defendant Pinnacle's breach of contract, Plaintiff has been injured and damaged by losing his compensation and loss of revenue.

8

13.     Smith seeks compensatory and punitive damages for all counts, except Counts V and VI for which he only seeks compensatory damages.

14.     Upon information and belief, Great American Insurance Company, Pinnacle's employment practices liability insurer, is defending Pinnacle and Messrs. Satterfield in the Underlying Action.

**B.      The Polices**

15.     Monroe issued the CGL Policy on an occurrence basis for the period of April 15, 2015 through April 15, 2016. A copy of the CGL Policy is attached as Exhibit B.

16.     FCCI issued the Umbrella Policy on an occurrence basis for the period of April 15, 2015 through April 15, 2016. A copy of the Umbrella Policy is attached as Exhibit C.

17.     The CGL Policy's principal form is Form CG00011207, titled "COMMERCIAL GENERAL LIABILITY COVERAGE FORM." In pertinent part, the CGL Policy provides:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> 1. Insuring Agreement
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking

those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

. . .

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory". . . .

18.     The Umbrella Policy's principal form is Form CU00011207, titled "COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM." In pertinent part, the Umbrella Policy provides:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND**
**PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. . . . However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory".

19.     The Policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

20.     The Policies define "property damage" as "physical injury to or destruction of real property or tangible personal property including loss of use of the property."

21.     The Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

22.     Both policies contain an "Expected or Intended Injury" Exclusion, which provides:

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

23.     The CGL Policy also includes an endorsement titled "Employment-Related Practices Exclusion," bearing Form CGL 0641108, which excludes coverage as follows:

A. The following exclusion is added to Paragraph 2, **Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability**:

This insurance does not apply to:

"Bodily injury" to:

(1) A person arising out of any:

    (a) Refusal to employ that person;

    (b) Termination of that person's employment; or

    (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

. . .

This exclusion applies:

(1) Whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before employment, during employment or after employment of that person;

(2) Whether the insured may be liable as an employer or in any other capacity;

(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury; and

(4) To any allegation that the insured negligently or intentionally failed to advise others of a former employee's faults or characteristics, or was otherwise at fault in giving references regarding former employees.

. . .

24.    The Umbrella Policy also excludes "Employment-Related Practices" by the following:

2.    **Exclusions**

This insurance does not apply to:

...

   **h. Employment-Related Practices**

    "Bodily injury" to:

    (1) A person arising out of any:

       (a) Refusal to employ that person;

       (b) Termination of that person's employment; or

       (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

    (2) The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b), or (c) above is directed.

    This exclusion applies whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before employment, during employment or after employment of that person.

    This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury....

13

25.    The Policies have additional terms, conditions and exclusions which may apply to the rights and obligations of the parties in connection with the Underlying Action and the full terms of the Policies are incorporated herein by reference.

## C.    Disputes of the Parties

26.    A real justiciable dispute exists between the parties as to the defense, indemnity and coverage obligations, if any, of Monroe under the CGL Policy and FCCI under the Umbrella Policy.

## IV. CAUSES OF ACTION

## COUNT I -
## Declaration Of No Coverage Because No Occurrence Is Alleged

27.    Monroe and FCCI hereby adopt and reassert the allegations in the paragraphs above.

28.    The Policies only provide liability coverage for "bodily injury," "property damage," and "personal and advertising injury" caused by an "occurrence." The Policies define "occurrence" as an "accident."

29.    The Underlying Action does not allege "bodily injury," "property damage," or "personal and advertising injury" caused by an accident, except possibly, in Count II – Suppression.[1]

---

[1]    However, the Policies exclude coverage for Count II – Suppression for the reasons discussed otherwise herein.

30.    Therefore, Monroe and FCCI are not obligated to defend or indemnify Pinnacle or Messrs. Satterfield and Monroe and FCCI have no obligations to Smith.

## COUNT II –
### Declaration of No Coverage Because No Property Damage Or Bodily Injury Is Alleged

31.    Monroe and FCCI hereby adopt and reassert the allegations in the paragraphs above.

32.    The Policies only provide liability coverage for "bodily injury" and "property damage" caused by an "occurrence."

33.    The Underlying Action does not allege "bodily injury" or "property damage," except possibly, in Count II – Suppression.[2]

34.    Therefore, Monroe and FCCI are not obligated to defend or indemnify Pinnacle or Messrs. Satterfield and Monroe and FCCI have no obligations to Smith.

## COUNT III -
### Declaration Of No Coverage Because The Expected Or Intended Injury Exclusions Apply

35.    Monroe and FCCI hereby adopt and reassert the allegations in the paragraphs above.

---

[2]  However, the Policies exclude coverage for Count II – Suppression for the reasons discussed otherwise herein.

36.    Pinnacle and Messrs. Satterfield are alleged to have intentionally interfered with Smith's business relations with his existing customers by engaging them while Smith was still an independent sales agent for Pinnacle and/or after the termination of his employment as an independent sales agent for Pinnacle. Any resulting injury or damage was expected or intended by Pinnacle and Messrs. Satterfield.

37.    The allegations in the Underlying Action are not covered or are excluded from coverage under the policies because of the "Expected or Intended Injury" exclusions contained in both policies.

38.    Therefore, Monroe and FCCI are not obligated to defend or indemnify Pinnacle or Messrs. Satterfield and Monroe and FCCI have no obligations to Smith.

### COUNT IV –
### Declaration Of No Coverage Because The Employment-Related Practices Exclusions Apply

39.    Monroe and FCCI hereby adopt and reassert the allegations in the paragraphs above.

40.    The Underlying Action arises out of Pinnacle's termination of Smith's employment as an independent sales agent and Smith's alleged economic injuries flowing from Pinnacle's employment-related actions and/or omissions towards Smith.

16

41.     Under the Policies' Employment-Related Practices Exclusions, there is no coverage for "bodily injury" and "property damage" arising out of any "termination of that person's employment" or "employment-related practices, policies, acts or omissions."

42.     Therefore, Monroe and FCCI are not obligated to defend or indemnify Pinnacle or Messrs. Satterfield and Monroe and FCCI have no obligations to Smith.

## V. PRAYER FOR RELIEF

WHEREFORE, Monroe and FCCI respectfully request this Court declare and adjudge the controversy as follows:

A.     Declare that there is no coverage under the CGL Policy for the claims asserted against Pinnacle and Messrs. Satterfield in the Underlying Action;

B.     Declare that there is no coverage under the Umbrella Policy for the claims asserted against Pinnacle and Messrs. Satterfield in the Underlying Action;

C.     Declare Monroe and FCCI do not owe a duty to defend or indemnify Pinnacle or Messrs. Smith with respect to the Underlying Action;

D.     Declare that there is no coverage under the CGL Policy for Smith's injuries or damages, if any;

E.     Declare that there is no coverage under the Umbrella Policy for Smith's injuries or damages; if any; and

17

F.    Grant any other relief that the Court deems just and equitable under the circumstances.

RESPECTFULLY SUBMITTED,

Date: September 21, 2017

F. Lane Finch, Jr. (ASB-0027-I58F)
Brandon J. Clapp (ASB-3990-D82W)
*Attorneys For Monroe Insurance Company and FCCI Insurance Company*

**OF COUNSEL**:
**Swift, Currie, McGhee & Hiers, LLP**
2 North 20th Street, Suite 1405
Birmingham, AL 35203
T: (205) 314-2401
F: (205) 244-1373
lane.finch@swiftcurrie.com
brandon.clapp@swiftcurrie.com

**PLAINTIFFS REQUEST DEFENDANTS BE SERVED WITH THE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

Pinnacle Manufacturing, LLC
c/o Jason Satterfield, registered agent
512 West Henderson Rd.
Boaz, Alabama 35957

Jason Satterfield
512 West Henderson Rd.
Boaz, Alabama 35957

18

Joby Satterfield
512 West Henderson Rd.
Boaz, Alabama 35957

Zach Smith
5720 Frisco Square Boulevard, Apt. 1018
Frisco, Texas 75034-3328