FILED
 2017 Dec-05  AM 09:01
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| MONROE GUARANTY INSURANCE COMPANY, *et al.*,<br>　　　Plaintiffs,<br><br>v.<br><br>PINNACLE MANUFACTURING, LLC, *et al.*,<br>　　　Defendants. | CASE NO. 2:17-cv-01630-JHE |

## **OPPOSITION TO ZACH SMITH'S MOTION TO DISMISS**

COME NOW Plaintiffs, Monroe Guaranty Insurance Company and FCCI Insurance Company, and opposes Zach Smith's Motion to Dismiss (Doc. 12) based on the following:

### I.  INTRODUCTION AND FACTUAL BACKGROUND

1.　Plaintiffs filed this declaratory judgment action against Pinnacle Manufacturing, LLC, Jason Satterfield, Joby Satterfield, and Zach Smith seeking a declaration Plaintiffs have no obligation to provide Pinnacle and Messrs. Satterfield a defense or indemnity coverage in the underlying state court action filed by Mr. Smith. *See* Doc. 1.

2.　On October 12, 2017, Pinnacle and Messrs. Satterfield filed an answer admitting the averments set forth in Plaintiffs' Petition for Declaratory Judgment

and admitting neither the CGL Policy nor the Umbrella Policy affords coverage for them for the claims asserted in the underlying state court action by Mr. Smith. *See* Doc. 9.

3. On November 21, 2017, Smith filed a motion to dismiss himself as a party arguing he is not a proper party to the case because he is not an insured under the insurance policies issued by Plaintiffs and the duty to indemnify claim is not ripe. *See* Doc. 12.

4. Because Pinnacle and Messrs. Smith admit the averments set forth in Plaintiffs' Petition and also admit neither the CGL Policy nor the Umbrella Policy affords coverage to them for the claims asserted by Mr. Smith, Plaintiffs will file a motion for judgment on the pleadings as soon as practicable under Fed. R. Civ. P. 12(c).

5. However, Zach Smith is a proper party to this action and he should not be dismissed from this action for the reasons that follow.

## II. ARGUMENT

6. As this Court is well aware, it is appropriate for insurers, like Plaintiffs, to name tort claimants as parties to declaratory judgment actions against their insureds.

7. Both Federal and Alabama case law hold a tort claimant is an indispensable party to declaratory judgment actions, either under the Federal

Declaratory Judgment Act or the Alabama Declaratory Judgment Act. Otherwise, the coverage decision has no binding effect on the tort claimant, who may later file suit against the insurer as a judgment creditor. *McDaniel v. Harleysville Mut. Ins. Co.*, 84 So. 3d 106 (Ala. Civ. App. 2011); *see also Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church*, Inc., 420 F.3d 1317 (11th Cir. 2005); *Am. Safety Cas. Ins. Co. v. Condor Assocs.*, 129 Fed. Appx. 540 (11th Cir. 2005); *Andalusia Enters., Inc. v. Evanston Ins. Co.,* 487 F. Supp. 2d 1290, 1293-94 (N.D. Ala. 2007) ("[A]n alleged tort victim [has] an interest, actual or theoretical, in whatever finding will ultimately be made on the coverage question, whether against [the plaintiffs] or in their favor. [He is] therefore an indispensable party in the state court action pursuant to § 6-6-227 [of Alabama's Declaratory Judgment Act].").

8. Thus, when filing a declaratory judgment action, the preferred practice in Alabama and Alabama's federal courts is for the insurance company to name the person or entity claiming coverage under its policy as well as the underlying tort claimant. That is what Plaintiffs did here.

9. Mr. Smith's argument the claims against him are not ripe is also incorrect. As discussed above, Plaintiffs will file a motion for judgment on the pleadings as soon as practicable. Accordingly, Plaintiffs will ask the Court to resolve Plaintiffs' obligations as to their respective duties to defend and duties to

indemnify. The latter request may directly affect Smith's rights, so he should remain a party to this litigation.

10. Liability insurance policies impose two separate duties on the insurer: (1) the duty to defend and (2) the duty to indemnify. *Tanner v. State Farm Fire & Cas. Co.*, 874 So. 2d 1058, 1063 (Ala. 2003) (citing *Porterfield v. Audubon Indem. Co.*, 856 So. 2d 789, 791-92 (Ala. 2002)). While ordinarily the two duties "must be analyzed separately," *id.* at 1066 (quoting *U.S. Fid. & Guar. Co. v. Armstrong*, 479 So. 2d 1164, 1167 (Ala. 1985)), because the duty to defend is broader, no duty to indemnify exists where there is no duty to defend, *id.* at 1063. *See also Employers Mut. Cas. Co. v. Evans,* 76 F. Supp. 2d 1257 (N.D. Ala. 1999) (Denying a motion to dismiss a declaratory judgment action arguing the issue of ripeness and holding "a determination that there is no duty to defend may well determine the duty to indemnify issue.")

11. Accordingly, both the issue of whether Plaintiffs owe a duty to defend and whether Plaintiffs owe a duty to indemnify can and should be adjudicated by this Court because the issues are ripe for adjudication.

12. Because Mr. Smith has a potential interest in the resolution of the Plaintiffs' duty to indemnify, he should remain a party to this action.

WHEREFORE, Plaintiffs respectfully request this Court deny Defendant Zach Smith's Motion to Dismiss (Doc. 12).

|  |  |
|---|---|
|  | Respectfully Submitted, |
| DATED: December 5, 2017 | */s/ F. Lane Finch, Jr.* |
|  | F. Lane Finch, Jr. (ASB-0027-I58F) |
|  | Brandon J. Clapp (ASB-3990-D82W) |
|  | *Attorneys for Monroe Guaranty Insurance Company and FCCI Insurance Company* |

**OF COUNSEL**
**Swift, Currie, McGhee & Hiers, LLP**
2 North 20th Street, Suite 1405
Birmingham, AL 35203
T: (205) 314-2401
F: (205) 244-1373
lane.finch@swiftcurrie.com
brandon.clapp@swiftcurrie.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 5, 2017, the foregoing was served on the following attorneys of record by one or more of the following means in accordance with the Federal Rules of Civil Procedure:

[X]    AlaFile/CM-ECF Electronic Filing
[ ]    Email
[ ]    U.S. Mail
[ ]    Facsimile
[ ]    Hand Delivery

Charles R. Hare, Jr., Esquire
chare@gullahornhare.com
***Attorney for Pinnacle Manufacturing,***
***Joby Satterfield, and Jason Satterfield***

Jeff Daniel
Jsd10@bellsouth.net
***Attorney for Zach Smith***

                                                          */s/ F. Lane Finch, Jr.*
                                                          OF COUNSEL