FILED
2018 Feb-08 PM 03:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MONROE GUARANTY INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) ) Case No.: 2:17-cv-01630-JHE |
| v. | ) ) |
| PINNACLE MANUFACTURING, LLC, et al., | ) ) ) |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Monroe Guaranty Insurance Company and FCCI Insurance Company (collectively "Plaintiffs") filed this declaratory judgment action against Pinnacle Manufacturing, LLC ("Pinnacle"), Jason Satterfield, Joby Satterfield, and Zach Smith seeking a declaration that Plaintiffs have no obligation to provide Pinnacle or the Satterfields a defense or indemnity coverage in an underlying state court action filed by Zach Smith. (Doc. 1). Defendants Pinnacle and the Satterfields filed an answer wherein they "admit[]" the material averments of the complaint and that "neither the CGL Policy nor the Umbrella Policy affords any coverage to them for the claims asserted in the Underlying Action . . . ." (Doc. 9 at ¶¶ 1-2). Defendant Smith has moved to dismiss, arguing he is not a proper party in this action because he is not an insured under the policies and a duty to indemnify claim is not ripe, depriving the court of subject matter jurisdiction. (Doc. 12). Plaintiffs oppose the motion to dismiss, arguing it is appropriate for insurers (such as Plaintiffs) to name tort claimants (such as Smith) as parties to a declaratory judgment action filed against the insurers. (Doc. 16 at 2). The motion is ripe for review. As explained below, the motion to dismiss is **DENIED**.

The coverage issue in this declaratory judgment action is based on an employment dispute between Smith and Pinnacle that is the subject of a lawsuit filed in the Circuit Court of Blount county, Alabama (*Zach Smith v. Pinnacle Manufacturing, LLC, et al.*, Civil Action No. CV-2017-90009 ("Underlying Action")). (Doc. 1 at ¶ 10; *see* doc. 1-1). The Underlying Action is generally premised on Pinnacle's termination of Smith as an independent sales agent and his alleged economic damages that flow from that termination. (Doc. 1 at ¶ 11; *see* doc. 1-1).

Plaintiffs offer a string of cases showing that (1) both federal and Alabama case law hold that a tort claimant is an indispensable party to a declaratory judgment action; and that, (2) otherwise, the coverage decision would have no binding effect on the tort claimant, who may file a direct action against the insurer as a judgment creditor. *See McDaniel v. Harleysville Mut. Ins. Co.*, 84 So. 3d 106, 112-13 (Ala. Civ. App. 2011) (recognizing that a declaratory judgment issued by federal court was not binding on the state court tort claimants because they were not parties to the federal declaratory judgment action); *see also Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church*, Inc., 420 F.3d 1317 (11th Cir. 2005) (appeal of a declaratory judgment including insurers, insured, and victims); *Am. Safety Cas. Ins. Co. v. Condor Assocs.*, 129 Fed. Appx. 540, 542 (11th Cir. 2005) (affirming dismissal of a declaratory judgment action based on failure to join indispensable party because the tort claimants were indispensable parties; *Andalusia Enters., Inc. v. Evanston Ins. Co.,* 487 F. Supp. 2d 1290, 1293-94 (N.D. Ala. 2007) ("[A]n alleged tort victim [has] an interest, actual or theoretical, in whatever finding will ultimately be made on the coverage question, whether against [the plaintiffs] or in their favor. [He is] therefore an indispensable party in the state court action pursuant to § 6-6-227 [of Alabama's Declaratory Judgment Act]."). Because the potential for inconsistent judgments is not favored, the preferred practice in Alabama, including Alabama federal courts, is for the insurance company to include

the person or entity claiming coverage under the policy as well as the underlying tort claimant as parties to the declaratory judgment action.

Ignoring the foregoing case law, Smith argues the court lacks subject-matter jurisdiction over any claim against him because such a claim is not ripe for adjudication. (*See* doc. 12). This argument is unpersuasive because this is a declaratory judgment action seeking a declaration regarding insurance coverage. (*See* doc. 1). Liability insurance policies (such as those at issue here) impose two separate duties on the insurer: the duty to defend and the duty to indemnify. *Tanner v. State Farm Fire & Cas. Co.*, 874 So. 2d 1058, 1063 (Ala. 2003) (citing *Porterfield v. Audubon Indem. Co.*, 856 So. 2d 789, 791-92 (Ala. 2002)). While ordinarily whether those two duties apply to a specific occurrence or claim "must be analyzed separately," *id.* at 1066 (quoting *U.S. Fid. & Guar. Co. v. Armstrong*, 479 So. 2d 1164, 1167 (Ala. 1985)), because the duty to defend is broader, no duty to indemnify exists where there is no duty to defend, *id*. at 1063. *See also Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257 (N.D. Ala. 1999). Thus, both the issue of whether Plaintiffs owe a duty to defend and the question of whether Plaintiffs owe a duty to indemnify can be adjudicated here, as they are ripe for adjudication. Smith has a potential interest in the resolution of the duty to indemnify issue because if Smith were successful in his state court lawsuit and whether Plaintiffs have a duty to indemnify impacts whether Smith can collect from the insurer as a judgment creditor. The existence of Alabama's direct action statute does not change this result. Instead, the direct action statute provides a cause of action for the tort claimant to collect any judgment against the insured from the insurer *if there is a duty to indemnify*. *See* ALA. CODE § 27-23-2 (1975). At issue in this lawsuit is whether there is a duty to indemnity, and the Plaintiffs' inclusion of Smith so that he would be bound to the outcome in this case is proper.

Based on the foregoing, Smith's motion to dismiss (doc. 12) is **DENIED**, and Smith is **DIRECTED** to answer the complaint by **February 22, 2018**. To the extent Smith requests this action be stayed because of the Underlying Action, that request is **DENIED WITHOUT PREJUDICE**, as he provides no specific explanation why a stay is needed in this case.

DONE this 8th day of February, 2018.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE